UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
                                                                    :
*In re*                                                             : Chapter 11
                                                                    :
Truvo USA LLC, *et al*.                                             : Case No. 10-13513 (AJG)
                                                                    :
                    Debtors.                                        : Jointly Administered
                                                                    :
------------------------------------------------------------------- X

**FINAL ORDER PURSUANT TO SECTIONS 345, 363(c)(1), 364(b)
AND 503(b)(1): (A) APPROVING THE CONTINUED USE OF DEBTORS'
CASH MANAGEMENT SYSTEM, BANK ACCOUNTS AND BUSINESS
FORMS AND (B) PERMITTING CONTINUED INTERCOMPANY
TRANSACTIONS AND GRANTING ADMINISTRATIVE EXPENSE
STATUS TO POSTPETITION INTERCOMPANY CLAIMS**

Upon the motion [D.I. 7] (the "Motion")[1] of the above-captioned debtors and debtors in possession[2] (the "Debtors") for entry of an order: (a) approving the continued use of the Cash Management System, Bank Accounts and Business Forms and (b) permitting continued Intercompany Transactions and granting administrative priority status to postpetition Intercompany Claims; and upon consideration of the Declaration of Marc C. F. Goegebuer in Support of First Day Motions and Applications and in Compliance with Local Rule 1007-2 [D.I. 3], filed concurrently with the Motion; and adequate notice of the Motion having been given; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

[2] The Debtors in these chapter 11 cases are: Truvo USA LLC, Truvo Parent Corp., Truvo Intermediate LLC, Truvo Subsidiary Corp. and Truvo Acquisition Corp.

bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in this proceeding; and after due deliberation, it is hereby

ORDERED, that the Motion is hereby granted on a final basis as provided herein; and it is further

ORDERED, that the Debtors are authorized to: (a) maintain the Cash Management System, in substantially the same form as the Cash Management System described in the Motion as approved by this Court; (b) implement ordinary course changes to the Cash Management System; (c) maintain the existing Bank Accounts; and (d) open and close bank accounts; and it is further

ORDERED, that the Debtors are authorized to continue to use their Business Forms substantially in the forms existing immediately before the Petition Date. The Debtors are authorized to utilize their current business forms without reference to their status as debtors in possession; provided, however, that the Debtors shall cause their outgoing checks to be stamped with the legend "DIP" or the legend "Debtor-in-Possession;" and it is further

ORDERED, that the Debtors are authorized, in their sole discretion, from and after the Petition Date, to continue to engage in Intercompany Transactions; and it is further

ORDERED, that all Intercompany Claims held by a Debtor against another Debtor or by a non-debtor affiliate of a Debtor against a Debtor arising from postpetition Intercompany Transactions shall be entitled to administrative priority status under section 503(b) of the Bankruptcy Code, subject and subordinated only to any priority liens, claims and security interests, granted under any order authorizing the use of cash collateral or any order authorizing debtor-in-possession financing, and any other valid liens and security interests, including without

limitation all liens, claims and obligations arising under the Senior Finance Documents (as defined in the Senior Facility Agreement); and it is further

ORDERED, that notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry; (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order, and it is further

ORDERED, that the requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion or otherwise deemed waived, and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.


Dated: July 22, 2010
      New York, New York                        **s/Arthur J. Gonzalez**
                                                           Chief United States Bankruptcy Judge