UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X
                                                                       :
*In re*                                                                : Chapter 11
                                                                       :
Truvo USA LLC, *et al.*                                                : Case No. 10-13513 (AJG)
                                                                       :
                                                                       :
                    Debtors.                                           : Jointly Administered
                                                                       :
---------------------------------------------------------------------- X

**ORDER APPROVING (I) ADEQUACY OF INFORMATION
CONTAINED IN DISCLOSURE STATEMENT; (II) RECORD DATE
IN CONNECTION WITH PROPOSED PLAN OF REORGANIZATION;
(III) SOLICITATION PROCEDURES; (IV) FORMS OF BALLOTS;
(V) TEMPORARY ALLOWANCE PROCEDURES; (VI) VOTE
TABULATION PROCEDURES; AND (VII) SCHEDULING HEARING
ON CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession[2] (the "Debtors") for entry of an order approving (i) the adequacy of the information contained in the disclosure statement, (ii) the record date in connection with voting on the proposed plan of reorganization, (iii) the solicitation procedures, (iv) the forms of ballots, (v) the temporary allowance procedures, (vi) the vote tabulation procedures as more fully described in the Motion; and (vii) scheduling a hearing on the Confirmation of the Debtors' Plan of Reorganization; response and objection, respectively, to the relief requested in the Motion having been filed by (i) the United States Trustee for the Southern District of New York (Docket No. 120), and (ii) the Official Committee of Unsecured Creditors (the "Creditors' Committee") (Docket No. 176) (together, the "Objections"); the Debtors having filed the revised First Amended Disclosure Statement with respect to the First Amended Joint Plan of Reorganization

---

[1] Each capitalized term used herein but not otherwise defined herein shall have the meaning ascribed to it in the Motion.
[2] The Debtors in these Chapter 11 Cases are: Truvo USA LLC, Truvo Parent Corp., Truvo Intermediate LLC, Truvo Subsidiary Corp., and Truvo Acquisition Corp.

of Truvo USA LLC, *et al.*, Debtors under Chapter 11 of the Bankruptcy Code (Docket No. 180) on August 30, 2010 and further revisions thereto by letters, dated September 2, 2010 (Docket No. 199) and September 7, 2010 (Docket No. 203) (together with such revisions, and as it may be amended as permitted hereunder, the "Disclosure Statement"); the Debtors having filed the revised First Amended Joint Plan of Reorganization of Truvo USA LLC, *et al.*, Debtors under Chapter 11 of the Bankruptcy Code (Docket No. 181) (as it has been and may be amended, the "Plan"), and the Debtors' Omnibus Reply to Objections to Debtors' Motion for an Order Approving (I) Adequacy of Information Contained in Disclosure Statement; (II) Record Date in Connection with Proposed Plan of Reorganization; (III) Solicitation Procedures; (IV) Forms of Ballots; (V) Temporary Allowance Procedures; (VI) Vote Tabulation Procedures; and (VII) Scheduling Hearing on Confirmation of Debtors' Plan of Reorganization (Docket No. 183) (the "Reply"), each on August 30, 2010; and upon consideration of the Declaration of Marc C. F. Goegebuer in Support of First Day Motions and Applications and in Compliance with Local Rule 1007-2; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in this proceeding, including the arguments and statements made by counsel and the evidence admitted at the hearing to consider the approval of the Motion on September 1, 2010 (the "Hearing"); and after due deliberation, it is hereby

ORDERED, that the Motion is granted to the extent provided herein. The Objections and any other objections made on the record at the Hearing are overruled to the extent that they have not been withdrawn, waived or settled prior to the entry of this Order; and it is further

ORDERED, that pursuant to section 1125 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3017(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Disclosure Statement is hereby approved as containing "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code with respect to the Plan; and it is further

ORDERED, that in accordance with Bankruptcy Rules 3017(d) and 3018(a), the record date for determining which Holders of Claims against the Debtors' estates are eligible to vote on the Plan, and for determining the identity of each Holder of Claims against the Debtors that shall receive a copy of the Confirmation Hearing Notice shall be September 1, 2010 (the "Voting Record Date"); and it is further

ORDERED, that only Holders of Claims as of the Voting Record Date (in Classes entitled to vote) shall be entitled to vote to accept or reject the Plan to the extent provided herein; and it is further

ORDERED, that the hearing to consider the confirmation of the Debtors' Plan (the "Confirmation Hearing") is scheduled to commence on October 6, 2010 at 9:30 a.m. (Prevailing Eastern Time) before the Honorable Arthur J. Gonzalez, United States Bankruptcy Judge, in Courtroom 523, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004; and it is further

ORDERED, that in the event that prior to October 4, 2010 at 4:00 p.m. (Prevailing Eastern Time) (the "Committee Confirmation Objection Deadline"), the Creditors' Committee files and serves an objection to confirmation of the Plan that requires discovery or use of expert testimony, the Confirmation Hearing is scheduled to commence on November 8, 2010 at 9:00 a.m. (Prevailing Eastern Time) before the Honorable Arthur J. Gonzalez, United States Bankruptcy Judge, in Courtroom 523, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004; provided that in the event that the Creditors' Committee withdraws its objection subsequent to the Committee Confirmation Objection Deadline, the Debtors may seek an alternative confirmation hearing date in advance of November 8, 2010; and it is further

ORDERED, that the Debtors' obligations under Bankruptcy Rules 2002(b) and 3017 with respect to the solicitation of votes are satisfied and the provision of notice of the hearing on confirmation of the Plan will be adequate and sufficient if the following procedures (the "Solicitation Procedures") are utilized:

>  (a) A notice of the hearing regarding, and the time for filing objections to, the confirmation of the Debtors' Plan (the "Confirmation Hearing Notice"), is served by regular mail, or email if applicable, on the date that is three (3) days after entry of the order approving the Disclosure Statement, or as soon as practicable thereafter, or such other date that the Court may direct, upon: (i) all creditors of the Debtors identified on the Debtors' Schedule of Assets and Liabilities (the "Schedules") or in a proof of claim filed in these Chapter 11 Cases; (ii) all persons known to hold equity security interests in any of the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York; (iv) counsel to J.P. Morgan Europe Limited, as Security Agent under the Intercreditor Agreement (the "Security Agent") and Senior Agent under the Senior Facility Agreement (the "Senior Agent"), (v) Bank of New York, as Trustee under the HY Notes Indenture (the "Indenture Trustee"); (vi) Wilmington Trust (London) Limited, as Administrative Agent under the PIK Facility (the "PIK Agent") (vii) counsel to the Official Committee of Unsecured Creditors; (viii) the Securities and Exchange

Commission; (ix) the Department of the Treasury, Internal Revenue Service, Ogden, UT 84201-0011, (x) The United States Department of Justice; and (xi) the Security Agent and the Senior Agent.

(b) On or before the date that is three (3) days after entry of the order approving the Disclosure Statement, or as soon as practicable thereafter, or such other date that the Court may direct, to the extent that current versions of such documents have not already been distributed to such persons, the Disclosure Statement and the Plan (in either hard copy or in electronic format) are served by regular mail, or email if applicable, upon: (i) the Holders of Claims in Classes 3C, 4C, 5C, 2D, 3D, 4D, 5D, 2E, 1F, 2F, 3F, 4F, and 5F entitled to vote on the Plan pursuant to the relevant provisions of the Bankruptcy Code and the Bankruptcy Rules (the "Voting Creditors"); (ii) each counterpart to an Assumed Contract identified on the relevant Exhibit to the Plan; (iii) the Office of the United States Trustee for the Southern District of New York; (iv) counsel to the Security Agent and the Senior Agent, (v) the Indenture Trustee; (vi) the PIK Agent; (vii) counsel to the Official Committee of Unsecured Creditors; (viii) the Securities and Exchange Commission; (ix) the Debtors' General Service List; (x) any party in interest who requests in writing a copy of such documents; and (xi) the Security Agent and the Senior Agent.

(c) On or before the date that is three (3) days after entry of the order approving the Disclosure Statement, or as soon as practicable thereafter, or such other date that the Court may direct, appropriate Ballots, and as applicable, Master Ballots (each as defined below), voting instructions and a pre-addressed return envelope will be sent to all Voting Creditors.

(d) On or before the date that is three (3) days after entry of the order approving the Disclosure Statement, or as soon as practicable thereafter, or such other date that the Court may direct, a notice of nonvoting status is served, with the Confirmation Hearing Notice, by regular mail on all Holders of Claims and Equity Interests in Classes 1A, 2A, 3A, 4A, 5A, 1B, 2B, 3B, 4B, 5B, 1G, 2G, 3G, 4G, 5G, and 1H (the "Non-Voting Creditors"). Holders of Claims in Classes 1A, 2A, 3A, 4A, 5A, 1B, 2B, 3B, 4B, and 5B will be sent a notice substantially in the form annexed to the Motion as Exhibit D (as amended), and Holders of Claims and Equity Interests in Classes 1G, 2G, 3G, 4G, 5G, and 1H will be sent a notice substantially in the form annexed to the Motion as Exhibit E (as amended).

(e) The Debtors post copies of the Disclosure Statement, the Plan, and the Confirmation Hearing Notice on the Debtors' restructuring website at http://www.kccllc.net/truvo and indicate in the

Confirmation Hearing Notice that such materials are available on such website.

(f) The Debtors will be allowed to distribute the Solicitation Packages, including the applicable Ballots directly to the Supporting Senior Lenders, the Supporting HY Noteholders, and the Supporting PIK Lenders.

(g) The Debtors will not be required to mail any Solicitation Packages to any individual or entity at an address from which notice of the hearing on the adequacy of the Disclosure Statement (the "Disclosure Statement Hearing Notice") was returned by the United States Postal Office as undeliverable unless the Debtors are also provided with a more accurate address by the United States Postal Office; and it is further

ORDERED, that the Debtors are not required to mail a copy of the Plan or the Disclosure Statement to the Non-Voting Creditors; and it is further

ORDERED, that the Beneficial Owner Solicitation Procedures are approved; and it is further

ORDERED, that the Unknown Holders Solicitation Procedures are approved, including without limitation the publication of the notice of the Confirmation Hearing (substantially in the form attached to the Motion as Exhibit C, as amended); and it is further

ORDERED, that the form of the Confirmation Hearing Notice substantially in the form attached to the Motion as Exhibit C (as amended) be, and hereby is, approved; and it is further

ORDERED, that notwithstanding anything to the contrary in Local Rule 3018-1, a copy of the Certification of Vote may be filed, and any Notices of Ineffective Election may be given, on or before October 5, 2010; and it is further

ORDERED, that the last date and time for the filing of objections to the confirmation of the Plan, including the assumption and/or assignment of certain executory

contracts under the Plan, the establishment of cure amounts related to any contracts to be assumed under the Plan as identified on the relevant Exhibit to the Plan and the consummation of the Financial Restructuring, or any other matter scheduled to be heard at the Confirmation Hearing is 4:00 p.m. (New York City Time) on September 30, 2010 (the "<u>Confirmation Objection Deadline</u>") and 4:00 p.m. (New York City Time) on October 4, 2010 for the Creditors' Committee; and it is further

ORDERED, that responses or objections, if any, to confirmation of the Plan, including the assumption and/or assignment of certain executory contracts under the Plan, the establishment of cure amounts related to any contracts to be assumed under the Plan as identified on the relevant Exhibit to the Plan and the consummation of the Financial Restructuring: (a) shall be in writing; (b) shall state the name and address of the objector and its interest in the Debtors' cases; (c) shall state, if appropriate, the amount and nature of the objector's Claim; (d) shall state the grounds for the responses or objections and the legal basis therefor; (e) shall reference with specificity the text of the Plan to which the responses or objections are made, and shall provide proposed language changes or insertions to the Plan to resolve the responses or objections; and (f) shall be filed, together with proof of service, with the Clerk of the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004-1408, with one copy to chambers, such that the responses or objections are actually received no later than the Confirmation Objection Deadline and the Committee Confirmation Objection Deadline, as applicable, by each of the following parties: (i) the Debtors, Truvo USA LLC, Corporation Trust Center, 1209 Orange Street, Wilmington, DE, Attention: Marc C. F. Goegebuer with a copy to Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attention: Thomas J. Moloney, Esq. and Sean A. O'Neal, Esq., and a copy to Jenner & Block

LLP, 353 N. Clark Street, Chicago, IL 60654-3456, Attention: Vincent E. Lazar, Esq.; (ii) the Office of the United States Trustee, U.S. Department of Justice, 33 Whitehall Street, 21st Floor, New York, NY 10004, Attention: Brian S. Masumoto, Esq.; (iii) counsel to the Coordinating Committee of Senior Lenders, Linklaters LLP, 1345 Avenue of the Americas, New York, NY 10105, Attention: Martin Flics, Esq.; (iv) counsel to the Senior Agent and Security Agent, Allen & Overy LLP, One Bishops Square, London, E1 6AD, Attention: Randal Weeks, Esq.; (v) counsel to the Elliott Lender, Kleinberg, Kaplan, Wolff and Cohen, P.C., 551 Fifth Avenue, New York, NY 10176, Attention: Abbey Walsh, Esq.; and (vi) counsel to the Official Committee of Unsecured Creditors, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, NY 10281, Attention: Gregory M. Petrick, Esq. and Ingrid Bagby, Esq. and 700 Sixth Street, N.W., Washington, DC 20001, Attention: Marc C. Ellenberg, Esq.; and it is further

ORDERED, that if a response or objection is not timely filed and served before the Confirmation Objection Deadline, the responding or objecting party shall be barred from objecting to confirmation of the Plan and be precluded from being heard at the Confirmation Hearing; and it is further

ORDERED, that the Ballots and Master Ballots (as defined in the Motion), substantially in the form attached to the Motion as <u>Exhibit B</u> (as amended) be, and hereby are, approved; and it is further

ORDERED that each Senior Lender, who is a lender of record under the Senior Facility Agreement and is voting to accept the Plan, will be required to complete and execute a Mandatory Transfer Certificate attached as an Appendix to the Senior Debt Claim Ballot; and it is further

ORDERED, that solely for voting purposes, Senior Debt Claims will be allowed in the aggregate amount of €777,624,505.73, the HY Notes Claims will be allowed in the aggregate amount of the sum of €395,000,000.00 and $200,000,000.00, and PIK Debt Claims will be allowed in the aggregate amount of €173,087,906.94; and it is further

ORDERED, that, solely for the purpose of voting to accept or reject the Plan, and not for purposes of the allowance of, or distribution on account of, any Claim, and without prejudice to the rights of the Debtors in any other context, each Claim within a Class of Claims entitled to vote to accept or reject the Plan will be temporarily allowed in accordance with the following procedures (the "Temporary Allowance Procedures"):

(a) Claims that are listed on the Debtors' Schedules, are not scheduled as disputed, contingent or unliquidated, for which a proof of claim has not been filed properly will be temporarily allowed, for voting purposes only, in an amount equal to that listed in the Schedules.

(b) Claims that are not listed on the Debtors' Schedules, for which a proof of claim is filed properly before the applicable bar date will be temporarily allowed, for voting purposes only, in an amount equal to that listed on the proof of claim (or $1 if it is an unliquidated Claim), unless such Claim is subject to a Voting Claims Objection (as defined below).

(c) Other than Claims arising under the Senior Facility Agreement, HY Notes Indenture and the PIK Loan Agreement, Claims that are listed on the Debtors' Schedules as disputed, contingent or unliquidated shall not be entitled to vote to accept or reject the Plan unless temporarily allowed by the Court, after notice and a hearing, as described below.

(d) If the Debtors file an objection seeking (i) to disallow or reduce a Claim for voting purposes, (ii) to disallow a Claim or (iii) to reduce the amount of a Claim (a "Voting Claims Objection") on or before September 23, 2010 at 4:00 p.m. (New York City Time) (the "Voting Claims Objection Deadline"), such Claim will be temporarily allowed in accordance with such Voting Claims Objection unless temporarily allowed by the Court, after notice and a hearing, as described below. Any such

(e) Persons that (a) wish (i) to have their vote counted other than in accordance with a Voting Claims Objection, (ii) to vote a Claim that is listed on the Debtors' Schedules as disputed, contingent or unliquidated or (iii) to have their Claims counted in accordance with a proof of claim filed before the applicable bar date (and not in accordance with the Debtors' Schedules as described in (a) above), and (b) fail to resolve such Claims by mutual consent with the Debtors, shall be required to file a motion with the Court, with evidence in support thereof, seeking temporary allowance of such Claim pursuant to Bankruptcy Rule 3018(a) (a "<u>Rule 3018(a) Motion</u>") on or before September 30, 2010 at 4:00 p.m. (New York City Time) (the "<u>Rule 3018(a) Motion Deadline</u>") and the Debtors may file a response to any Rule 3018(a) Motions (the "<u>Rule 3018(a) Response</u>") on or before October 4, 2010 at 4:00 pm (New York City Time); and it is further

ORDERED, that any Rule 3018(a) Motion that has not been resolved by the mutual consent of the affected parties will be heard at the Confirmation Hearing; and it is further

ORDERED, that the following procedures for the tabulation of votes for and against the Plan (the "<u>Vote Tabulation Procedures</u>") are hereby approved:

(a) All votes to accept or reject the Plan must be cast by completing the appropriate Ballot or Master Ballot. Votes that are cast in any other manner will not be counted.

(b) In order to be considered as acceptances or rejections of the Plans, all Ballots and Master Ballots must be properly completed, executed, marked and ACTUALLY RECEIVED, via United States mail, overnight mail or hand delivery by Kurtzman Carson Consultants LLC (the "<u>Voting Agent</u>") on or before 4:00 p.m. (New York City Time) on October 1, 2010 (the "<u>Voting Deadline</u>").

(c) Any Holder of an Allowed General Unsecured Claim in Classes 1F, 2F, 3F, 4F and 5F in excess of $30,000 who elects to have its Claim treated as a Convenience Claim is deemed to waive a Claim for any amount in excess of $30,000.

(d) Pursuant to section 1126(e) of the Bankruptcy Code, a vote may be disregarded if the Court determines, after notice and a hearing, that it was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code;

(e) Any executed Ballot (other than a Master Ballot) received by the Voting Agent that does not indicate either an acceptance or rejection of the Plan will be deemed to constitute an acceptance of the Plan;

(f) Except to the extent determined by the Debtors in their discretion or as otherwise permitted by the Court, the Debtors will not accept or count any Ballots or Master Ballots received after the Voting Deadline;

(g) Votes cast by Holders of Claims in each Class under the Plan will be tabulated separately by Class;

(h) Voters may not split their vote and, accordingly, a Ballot (other than a Master Ballot) that partially rejects and partially accepts will be deemed to constitute an acceptance of the Plan;

(i) The Debtors and/or their agents shall have discretion to determine if a Ballot properly complies with these Vote Tabulation Procedures and the voting instructions accompanying the Ballots and Master Ballots;

(j) Any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by completing and casting a superseding Ballot or Master Ballot so that it is received on or before such deadline. Entities desiring to change their votes after the Voting Deadline may only do so if they file a motion with the Court with sufficient notice so that it can be heard and considered prior to or at the Confirmation Hearing and they demonstrate "cause" pursuant to Bankruptcy Rule 3018(a);

(k) The authority of the signatory of each Ballot or Master Ballot shall be presumed; and

(l) If no votes to accept or reject the Plan are received with respect to a particular Class, such Class is deemed to have voted to accept the Plan; and it is further

ORDERED, that with respect to the tabulation of Master Ballots and Ballots cast by Nominees and Beneficial Owners, the following additional rules shall apply:

(a) Votes cast by Beneficial Owners through a Nominee will be applied against the positions held by such entities in the securities as of the Voting Record Date, as evidenced by the record and depository listings. Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballots, will not be counted in excess of the amount of the Claim held on the Voting Record Date (the "Record Amount") of such securities held by such Nominee.

(b) To the extent that conflicting votes or "overvotes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballots, the Voting Agent will attempt to reconcile discrepancies with the Nominees.

(c) To the extent that overvotes on a Master Ballot or pre-validated Ballots are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Ballots that contained the overvote, but only to the extent of the Nominee's position in the security.

(d) For purposes of tabulating votes, each Beneficial Owner will be deemed to have voted the principal amount relating to such security, although the Voting Agent may be asked to adjust such principal amount to reflect the claim amount; and it is further

ORDERED, that nothing herein shall prevent the Debtors from objecting to a proof of claim for allowance or distribution purposes; and it is further

ORDERED, that the Debtors be, and hereby are, authorized to make any revisions or modifications to the Disclosure Statement, the Confirmation Hearing Notice, the Ballots and the Master Ballots set forth on the record at the Hearing and any non-material revisions or modifications to the Disclosure Statement, the Confirmation Hearing Notice, the Ballots and the Master Ballots; and it is further

12

ORDERED, that the Debtors be and hereby are, authorized and empowered to take such steps, incur and pay such costs and expenses, including such costs and expenses incurred by the Voting Agent, to execute such documents and do such things as may be reasonably necessary to fulfill the notice requirements established by this Order; and it is further

ORDERED, that the Voting Agent is authorized and directed to take any action reasonably necessary to accomplish the solicitation and ballot tabulation, including, without limitation, to review, tabulate, and make preliminary determinations as to the validity of all acceptances and rejections of the Plan and to provide an affidavit setting forth the results of such tabulation to the Court prior to the date of the Confirmation Hearing; and it is further

ORDERED, that notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry; (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtor may, in its discretion and without further delay, take any action and perform any act authorized under this Order; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: New York, New York
September 8, 2010

                                            **s/Arthur J. Gonzalez**
                                            CHIEF UNITED STATES BANKRUPTCY JUDGE